**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4205-18T2

ERNEST BOZZI,

     Plaintiff-Respondent,

v.

CITY OF JERSEY CITY, and
IRENE MCNULTY,

     Defendants-Appellants.

_____

Submitted March 23, 2020 – Decided April 15, 2020

Before Judges Sabatino, Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0354-19.

Peter J. Baker, Corporation Counsel, attorney for appellants (Maura E. Connelly, Assistant Corporation Counsel, and John A. McKinney, III, Assistant Corporation Counsel, on the briefs).

Donald M. Doherty, Jr., attorney for respondent.

PER CURIAM

Defendants Jersey City and Irene McNulty (City Clerk of Jersey City and Custodian of Records), appeal the order of Judge Francis B. Schultz directing defendants, in accordance with the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, to provide plaintiff Ernest Bozzi with the names and addresses of individuals possessing a dog license issued by Jersey City. Plaintiff requested the information to solicit customers for his invisible dog fence installation business.

Before us, defendants contend:

> POINT I
>
> THE LOWER COURT ERRED IN FINDING THAT THE INFORMATION SOUGHT IN PLAINTIFF'S OPRA REQUEST WAS NOT PROTECTED BY THE PRIVACY PROTECTIONS OF N.J.S.A. 47:1A-1.
>
> POINT II
>
> THE LOWER COURT ALSO ERRED IN FINDING THAT PLAINTIFF WAS ENTITLED TO THE INFORMATION SOUGHT IN HIS OPRA REQUEST UNDER THE COMMON LAW RIGHT OF ACCESS.

Defendants add the following argument in their reply brief:

> PLAINTIFF MISINTERPRETS MUCH OF THE CASE LAW RELIED UPON IN HIS OPPOSITION TO DEFENDANTS' APPEAL.

Because the issues and arguments raised in this appeal mirror those resolved in our recent published decision in <u>Bozzi v. Borough of Roselle Park</u>, \_\_\_\_ N.J. Super. \_\_\_\_ (App. Div. 2020), where we held the plaintiff was entitled under OPRA to the names and addresses of dog licensees issued by the defendant municipalities, we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4205-18T2